1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN M. THEUMLER,                    No.  2:24-cv-2059 CKD P

12              Plaintiff,

13        v.                               ORDER

14   TEHAMA COUNTY JAIL, et al.,

15              Defendants.

16

17        Plaintiff is a Tehama County Jail inmate proceeding pro se and seeking relief pursuant to

18   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Essentially, plaintiff blames defendants for his being attacked by other inmates. Assuming plaintiff is a pretrial detainee and not a convicted prisoner, he has a right to be free from violence at the hands of other inmates under the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016). A jail official's failure to protect a pretrial detainee is actionable if four conditions are met:

> 1. The official made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> 2. The conditions put the plaintiff at substantial risk of suffering serious harm;
>
> 3. The official did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> 4. By not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1071. As to the third element, the defendant's conduct must be objectively unreasonable. Id.

Plaintiff alleges he was harmed because he was housed in a part of the Tehama County Jail he should not have been. However, plaintiff fails to identify who made the decision to house him in that portion of the jail. He also fails to adequately allege that any defendant was aware that plaintiff faced serious harm from the inmates if they were housed together. In his amended complaint, plaintiff must be clear as to which defendants knew what before plaintiff was harmed and there must be a sufficient link alleged between what the defendants knew and the harm that

1    was caused.

2         The court notes that plaintiff attaches exhibits to his complaint which is permissible.

3    However, parts of the exhibits are not legible.  Furthermore, plaintiff cannot rely on exhibits to

4    state a claim upon which relief can be granted.  To state a claim, the body of the complaint itself

5    must contain all necessary information.

6         Finally, plaintiff is informed that the court cannot refer to a prior pleading to make

7    plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

8    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9    amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

10   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

11   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

12   and the involvement of each defendant must be sufficiently alleged.

13        In accordance with the above, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2 & 6) is granted.

15        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

16   shall be collected and paid in accordance with this court's order to the Tehama County Sheriff

17   filed concurrently herewith.

18        3.  Plaintiff's complaint is dismissed.

19        4.  Plaintiff is granted thirty days to file an amended complaint that complies with the

20   requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

21   Practice.  The amended complaint must bear the docket number assigned this case and must be

22   labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this

23   order will result in a recommendation that this action be dismissed.

24   Dated:  September 19, 2024

25                                             _____
                                               CAROLYN K. DELANEY
26                                             UNITED STATES MAGISTRATE JUDGE

27   1
     thue2059.14

28

3