UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. THEUMLER, | No. 2:24-cv-2059 CKD P |
| Plaintiff, | |
| v. | ORDER |
| TEHAMA COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint is before the court for screening.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's amended complaint fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, grant plaintiff one more opportunity to state a claim upon which he can proceed in a second amended complaint.

1

Plaintiff identifies the Sheriff of Tehama County as a defendant. A county sheriff is not liable for actions of his employees as alleged by plaintiff. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

As in his original complaint, plaintiff blames defendants for his being attacked by other inmates. Assuming plaintiff was pretrial detainee and not a convicted prisoner at the time his claims arose, he has a right to be free from violence at the hands of other inmates under the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-1068 (9th Cir. 2016). A jail official's failure to protect a pretrial detainee is actionable if four conditions are met:

> 1. The official made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> 2. The conditions put the plaintiff at substantial risk of suffering serious harm;
>
> 3. The official did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> 4. By not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1071. As to the third element, the defendant's conduct must be objectively unreasonable. Id.

Plaintiff alleges he was attacked in unit "Yellow 1" at the Tehama County Jail. He also alleges he was assigned to that unit by defendant Sgt. Fletcher and defendant Sgt. Barrett despite the fact that they were made aware that there were inmates in that unit who meant plaintiff harm. While plaintiff indicates defendants were made aware plaintiff would be harmed, he does not indicate how they were aware why, nor by whom. Without such information a finding that plaintiff was intentionally placed in conditions presenting a substantial risk of suffering serious harm cannot be supported.

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 10, 2025

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thue2059.14(2)

3